## 15990.　FIREMAN'S FUND INSURANCE CO. *v.* JACKSON.

The conduct of the insurance company, set out in the plaintiff's petition, did not constitute a waiver of the provisions of paragraphs (a) and (e) of the policy sued on. The court erred in overruling the general demurrer to the petition.

DECIDED FEBRUARY 4, 1926.

Action on fire insurance policy; from Dooly superior court— Judge Crum. September 27, 1924.

*Smith, Hammond & Smith, Whipple & McKenzie,* for plaintiff in error.

*Henderson & Davis, Watts Powell,* contra.

LUKE, J.　Mrs. J. T. Jackson sued the Fireman's Fund Insurance Company on a fire-insurance policy. The defendant filed

demurrers, both general and special. These were overruled and the insurance company excepted. In the following question, which was certified by this court to the Supreme Court, will be found sufficient facts for a full understanding of the case:

"In a suit upon a fire-insurance policy the petition contained, among others, the following allegations: The defendant company, on August 22, 1922, issued to the plaintiff a policy covering certain property of hers, and when the policy was delivered the plaintiff paid the defendant company $51.07 in cash and executed and delivered her promissory note for the sum of $113.52 principal, as payment of the balance of the premium due on the policy, the note being divided into two equal installments of $56.76 each, due on September 1, 1923, and September 1, 1924. On March 1, 1924, the property insured was totally destroyed by fire, and at the time of the fire the plaintiff was in default of the installment due September 1, 1923, but the defendant company had retained possession of the note, had declared the entire debt due, had placed the note in the hands of its attorney for collection, was asserting its right to collect the same, and was attempting to collect not only the installment of $56.76 due September 1, 1923, but also the installment due September 1, 1924. Furthermore, no notice of cancellation of the policy was ever given the plaintiff by the defendant company, nor did it ever offer to return the note to her, nor did it make any request of her to return her policy to it prior to the fire. It was alleged that this conduct of the defendant company constituted a waiver of the following provisions, especially of paragraphs (a) and (e) of the policy:

(*a*) 'Payment of notes or installments for premium. It is understood and expressly agreed that this company shall not be liable for any loss or damage that may occur to the property herein mentioned while any installment of the installment note, given for premium upon this policy, remains past due and unpaid; or while any single payment, promissory note (acknowledged as cash or otherwise), given for the whole or any portion of the premium, remains past due and unpaid.'

(*b*) 'The company may collect, by suit or otherwise, any past-due notes or installments thereof, and a receipt from the said Atlanta office of the company for the payment of past-due notes or installments must be received by the assured before there can

be a revival of the policy, such revival to begin from the time of said payment, and in no case to carry the insurance beyond the end of the original term of the policy.'

(c)    'In settlement of any loss under this policy, this company may deduct therefrom the entire amount of any unmatured note, given in whole or in part as a consideration of this policy, whether such note is payable in installments or otherwise.'

(d)    'This policy shall be cancelled at any time at the request of the insured, or by the company by giving five days' notice of such cancellation. If this policy shall be cancelled as hereinbefore provided, or become void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal, this company retaining the customary short rate; except that when this policy is cancelled by this company by giving notice, it shall retain only the pro rata premium.'

(e)    'No officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreement endorsed hereon or added hereto; and as to such provisions and conditions no officer, agent, or representative shall have such power or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached.'

The petition did not contain an allegation of any written endorsement or agreement as to waivers being upon or attached to the policy. Under the above-stated facts, did the said conduct of the defendant company constitute a waiver of the provisions of the policy as set forth above in paragraphs (a) and (e)?"

In answer to the foregoing question the Supreme Court said: "Under the facts stated in the certified question, the conduct of the defendant company did not constitute a waiver of the provisions of the policy as set forth in paragraphs (a) and (e)." 161 *Ga.* 559 (131 S. E. 359). Under this ruling the judge who tried the case erred in overruling the general demurrer to the petition.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*